**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-11-0777-PHX-GMS (ECV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Tranquilino Hernandez-Alvarado, ) | |
| Defendant. ) | |

This case arises on the Court's receipt of a May 31, 2011 email that was forwarded to the undersigned Magistrate Judge's chambers on June 1, 2011 by the Courtroom Deputy Clerk for the assigned District Judge, the Hon. G. Murray Snow. The initial email was sent by Julia Jennings, Prisoner Transport Specialist with Justice Prisoner and Alien Transportation System ("JPATS") of the United States Marshals Service ("USMS"), advising that Tranquilino Hernandez-Alvarado ("Defendant") will need another 30-day extension before being transferred to the Bureau of Prison's ("BOP") medical facility in Butner, North Carolina due to bed space issues. (Exhibit A)

**I. Background**

On March 2, 2011, Defendant was arrested by immigration agents upon his release from the Arizona Department of Corrections and charged via complaint with Reentry of Removed Alien, in violation of 8 U.S.C. § 1326(a) with a (b)(1) sentencing enhancement. (Doc. 1) Due to his indigency, Defendant was appointed counsel and detained as a serious

1 flight risk. Defendant was indicted on or about April 26, 2011 for the same offense, a Class
2 C felony.

3         On March 16, 2011, the undersigned Magistrate Judge granted defense
4 counsel's written motion, requesting a competency evaluation, doc. 7, as reasonable cause
5 existed that Defendant was suffering from a mental disease or defect. (Doc. 8) The
6 evaluation report concluded that, according to a local board-certified psychologist,
7 Defendant is incompetent to proceed due to a severe form of mental illness. *(Id.)* She
8 informed the Court that Defendant is not restorable to competency and a danger to himself
9 and the community. (Doc. 10) After review of the expert's April 12, 2011 sealed report, doc.
10 13, Government's counsel orally moved on April 26, 2011 that Defendant be committed to
11 a suitable federal medical center for hospitalization and treatment for restoration to
12 competency. *(Id.)* Defense counsel agreed to the oral motion in open court. *(Id.)*

13         The next day the Court entered a sealed order that stated in relevant part:

14     [P]ursuant to 18 U.S.C. § 4241(d)(1), Defendant is hereby committed to the custody of the Attorney General for hospitalization and psychiatric treatment
15     in a suitable health care facility for a reasonable period of time, **not to exceed four (4) months**, as is necessary to determine whether there is a substantial
16     probability that in the foreseeable future Defendant will attain the mental capacity to permit these criminal proceedings to proceed; and for such an
17     additional reasonable period of time upon timely written request by the health care facility for good cause shown until Defendant's mental condition is so
18     improved that court proceedings may proceed against him according to federal law, whichever is earlier.
19

20 (Doc. 14 at 3) (emphasis in original).

21         On June 2, 2011 and unknown by the Court until recently, Martina Ambrosio,
22 Criminal Program Specialist, USMS, Phoenix, sent an email, advising that JPATS needs a
23 "second" 30-day extension for Defendant to be placed at FMC Butner. (Exhibit A) Ms.
24 Ambrosio's email indicated: "The First 30-day extension which expired 6-4-11, is always
25 granted by USMS on outgoing study orders; typically, most defendants will be manifested
26 and transported during the first 30-day extension. However, due to extreme overcrowding
27 at FMC Butner, a second 30-day extension is needed.  Please reply all." *(Id.)*

28         Responding by email to a followup email from the undersigned's Judicial

- 2 -

Assistant, Ms. Ambrosio wrote: "In the past, the Court was never involved in transportation extension requests on outgoing medical studies (only on returning medical studies). Typically, when JPATS requested a first 30-day extension in the past which is always automatically granted by USMS, the inmates were moved within those first 30-days. In the recent months, due to extreme overcrowding at FMC Butner as well as other large BOP medical facilities (i.e. Springfield), the first 30-day extension unfortunately expires without inmate being manifested. Consequently, I am addressing now the second 30-day extension requests to the Court." (*Id.*)

On June 10, 2011, the Court issued an Order to Show Cause that counsel for the Government and Defendant show cause in writing, with citation to relevant authority, why the Court should or should not grant the USMS and BOP an additional sixty (60) days from the Court's on April 26, 2011 order, to place Defendant in a suitable BOP health care facility for hospitalization and psychiatric treatment in an effort to restore Defendant to competency. (Doc. 16)

The Government's counsel timely responded, requesting "the Court grant the USMS and BOP a total of 120 days (from the Court's April 26, 2011 order) to place the defendant in a suitable BOP health care facility for hospitalization and psychiatric treatment in an effort to restore the defendant to competency." (Doc. 17 at 3) The Government's Response indicates that counsel have conferred and agree that the Court should grant an extension of time to transfer Defendant to the custody of a suitable BOP medical facility to August 26, 2011 (120 days from the Court's original placement order). (*Id.* at 2) According to the newly-assigned AUSA on this case, defense counsel "stated his belief that the defendant is in need of the contemplated treatment, and stated that he [does] not object to such an extension because it would be in the best interests of his client." (*Id.*) While defense counsel did not file a response to the OSC, he did "request that the government note in [its] response [his] concern that the defendant have access to medical treatment and adequate supervision while at CCA awaiting transfer, though [defense counsel] noted that he had no specific reason to believe that the defendant is presently a danger to himself." (*Id.* at 2-3)

1   While the Government expresses its concern with the delay herein as "not
2   ideal" in locating appropriate bedspace at a suitable BOP medical facility for Defendant, it
3   argues the delay

> is warranted under the present circumstances, and should thus constitute excludable time under 18 U.S.C. § 3161(h)(1)(A). The government's position, supported by the defendant's lack of objection to the extension of time noted below, is that the additional time beyond the 10 days allowed in 18 U.S.C. § 4241(d)(1), which is not occasioned by USMS delays for economic reasons (the circumstance sought to be remedied by the ten-day rule), is necessary, and the presumption of unreasonableness set forth in 18 U.S.C. § 3161(h)(1)(H) has been rebutted under these specific circumstances. This is supported by the case law cited by the Court. *See, e.g., United States v. Tewid*, 86 Fed. Appx. 224, 225 (9th Cir. 2003) and *United States v. Yazzie*, 2006 WL 2772636 (D. Ariz. 2006). Undersigned counsel's research has revealed no further instructive case law on this issue.

*Id.* at 2 (footnote omitted, citing *United States v. Yazzie*, 2006 WL 2772636 at *5 (D. Ariz. 2006)). The Court is informed, however, that "because of the ongoing lack of bedspace at FMC Butner, BOP has redesignated the defendant to its FMC Springfield institution in Missouri [and] . . ., it is expected that the defendant will be placed in a bed at the Springfield facility by the end of July or the first week of August." (*Id.* at 1)  The Government confirms "that the significant costs associated with this prosecution are warranted" due to Defendant's 2005 manslaughter conviction, prior weapons offenses, his "lengthy criminal history, in addition to the repeated nature of the instant offense." (*Id.* at 2)

The following conclusions may be fairly drawn from the information provided to the Court and USMS. While Defendant has now been re-designated by BOP from FMC Butner in North Carolina to FMC Springfield for restoration services, it appears that Defendant has not left Arizona, approximately seven weeks after the April 26, 2011 order was entered purportedly due to "lack of bedspace at FMC Butner." (*Id.* at 1)  The U.S. Attorney's Office has now formally requested an extension to place Defendant in a suitable BOP health care facility for hospitalization and psychiatric treatment in an effort to restore him to competency.

**II. Speedy Trial Law**

"The Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, provides that in

- 4 -

'any case in which a plea of not guilty is entered, the trial . . . shall commence within seventy days' from the later of (1) the 'filing date' of the information or indictment or (2) the defendant's initial appearance before a judicial officer (i.e., the arraignment)." *United States v. Tinklenberg*, ___ U.S. ___, 2011 WL 2039366, * 3 (June 6, 2011) (quoting § 3161(c)(1)). If the defendant is not brought to trial within this 70–day period, the Act requires that the indictment be dismissed, either with or without prejudice. *Id.* at § 3162(a)(2). Nevertheless, certain periods of time are not counted toward the 70–day period. Among the periods of excludable delay are the following:

> (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
>
> *   *   *   *   *   *
>
> (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> *   *   *   *   *   *
>
> (H) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable.

18 U.S.C. § 3161(h)(1); *Tinklenberg*, 2011 WL 2039366, * 3 (holding that the filing of a pretrial motion falls within § 3161(h)(1)(D) irrespective of whether it actually causes, or is expected to cause, delay in starting a trial and the exclusion of certain holidays and weekend days during the period in which he was transported for a competency examination was erroneous). Specifically, the Act excludes "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial." 18 U.S.C. § 3161(h)(4). Section 3161(h)(1)(H) states that any transportation period in excess of ten days is "presumed" to be unreasonable and is counted toward the seventy-day limit. *United States v. Taylor*, 821 F.2d 1377, 1384 (9th Cir. 1987), *rev'd on other grounds*, 487 U.S. 326 (1988).

The Ninth Circuit has held that any time consumed by a competency examination is excludable time under 18 U.S.C. § 3161(h)(1)(A), regardless of whether the examination exceeded the statutory timeframe for competency evaluations. *United States v. Miranda*, 986 F.2d 1283, 1285 (9th Cir. 1993). "The plain language of the Speedy Trial Act gives no indication that an exclusion for a competency evaluation must be so limited. To the contrary, section 3161(h)(1)(A) expressly excludes '*any period of delay* resulting from other proceedings concerning the defendant, including but not limited to . . . delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant.'" *Id.* (quoting 18 U.S.C. § 3161(h)(1)(A) (emphasis in original). In 2003, the Ninth Circuit excluded the entire period from the time of the district court's order directing a psychological exam through the date on which the issue of the defendant's competency was finally resolved, notwithstanding intervening transportation delays in excess of ten days, because the delay was "separately attributable to a delay pertaining to proceedings associated with determining the mental competency of the defendant and resolving motions pertaining thereto"). *United States v. Tewid*, 86 Fed. App'x 224, 225 (9th Cir. 2003). However, there is out-of-circuit authority to the contrary. *United States v. Noone*, 913 F.2d 20, 25-26 (1st Cir. 1990); *United States v. Castle*, 906 F.2d 134, 137 (5th Cir. 1990). In *Noone*, because the Government offered no explanation for the transportation delay, the court found that it had failed to rebut the presumption that thirty of the forty travel days were unreasonable and, thus, nonexcludable. 913 F.2d 20 at 26 & n.6.

In *United States v. Yazzie*, 2006 WL 2772636 (D.Ariz., Sept. 25, 2006), the Honorable David G. Campbell denied defense counsel's dismissal motion which claimed that defendant's nearly five months of incarceration at FMC-Springfield exceeded the time allowed under 18 U.S.C. § 4241(d)(1) and violated this Court's June 17, 2005 competency evaluation order. In *Yazzie*, the USMS sought an extension of time to arrange defendant's return to Phoenix, which was granted by the court, and defendant ultimately was returned to Arizona on March 7, 2006. Judge Campbell noted that defendant "cited no authority for the proposition that a violation of § 4241(d)(1) provides an independent grounds for

- 6 -

dismissal." 2006 WL 2772636 at * 4, n. 3. The circumstances in *Yazzie*, however, are different than here but, perhaps, without a legal distinction. In *Yazzie*, the competency evaluation order was never delivered to the USMS as the courtroom deputy clerk inadvertently failed to endorse the order for transmission to it. *Id*. at 1. Thus, the delay of 101 days occurred in the period between entry of the district court's order and receipt of the order by the USMS. Nevertheless, Judge Campbell concluded that defendant's motion should be denied:

> In enacting §§ 4241-48, Congress intended to provide protection for society as well as the rights of criminal defendants. See *Trillo-Cerda*, 244 F.Supp.2d at 1069. Defendant has cited no case law, and the Court has found none, "holding that where a federal pretrial detainee is determined to be incompetent under § 4241, a dangerousness certification under § 4246 is precluded simply because the defendant happens not to be in the physical custody of the treatment facility where he was originally committed." *Id*. *The Court concludes that it has the authority under § 4241(d) to return Defendant to the custody of the Attorney General for the limited purpose of allowing the doctors at FMC-Springfield to certify Defendant as dangerous pursuant to § 4246, should they find that such a certification is warranted.* See *id*.; *Rivera-Moreles*, 365 F.Supp.2d at 1145. . . .

*Id.* at 6 (emphasis added).

Pursuant to the Government's request, doc. 17, and defense counsel joining in that request,

**IT IS ORDERED** that the Court's April 27, 2011 Mental Hospitalization and Transportation Order, doc. 14, that Defendant be transported to a suitable BOP health care facility for hospitalization and psychiatric treatment in an effort to restore Defendant to competency is hereby **AFFIRMED**. Time to date is excluded pursuant to 18 U.S.C. § 3161(h)(1)(A),(D) and (F); *United States v. Tinklenberg*, ___ U.S. ___, 2011 WL 2039366 (June 6, 2011); *United States v. Tewid*, 86 Fed. App'x 224, 225 (9th Cir. 2003).

**IT IS FURTHER ORDERED** that for purposes of judicial continuity, this matter shall remain on the undersigned Magistrate Judge's calendar, rather than the assigned Magistrate Judge, for a status conference re: mental competency exam, detention hearing,

///

///

and arraignment for **Monday, December 12, 2011 at 11:00 a.m.** The status conference for September 19, 2011 is hereby vacated.

Dated this 20th day of June, 2011.

Lawrence O. Anderson
United States Magistrate Judge

**EXHIBIT A**

```
----- Forwarded by Vickie Guidas/▓▓▓▓▓▓▓▓▓▓ on 06/06/2011 10:38 AM -----

From:     "Ambrosio, Martina (USMS)" ▓▓▓▓▓▓▓▓▓▓
To:       "'Vickie_Guidas▓▓▓▓▓▓▓▓▓▓
Cc:       "'Kathleen_Zoratti▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, "Ryun, Cindy
          (USMS)" ▓▓▓▓▓▓▓▓▓▓ "Jennings, Julia (USMS)" ▓▓▓▓▓▓▓▓▓▓
Date:     06/02/2011 04:05 PM
Subject:  RE: SO inmate Hernandez-Alvarado, Tranquilino 95449-008
```

Vickie,
Please see information to your question in my e-mail below. In the past, the Court was never involved in transportation extension requests on outgoing medical studies (only on returning medical studies). Typically, when JPATS requested a first 30-day extension in the past which is always automatically granted by USMS, the inmates were moved within those first 30-days. In the recent months, due to extreme overcrowding at FMC Butner as well as other large BOP medical facilities (i.e. Springfield), the first 30-day extension unfortunately expires without inmate being manifested. Consequently, I am addressing now the second 30-day extension requests to the Court.
I hope this information proves useful.
As always, thank you for your assistance.
Martina

Martina Ambrosio
Criminal Program Specialist
USMS-D/AZ, Phoenix
P 602-761-▓▓▓▓ NEW
F 602-258-▓▓▓▓ NEW

-----Original Message-----
From: Vickie_Guidas▓▓▓▓▓▓▓▓▓▓ [mailto:Vickie_Guidas▓▓▓▓▓▓▓▓▓▓]
Sent: Thursday, June 02, 2011 3:31 PM
To: Ambrosio, Martina (USMS)
Cc: Ryun, Cindy (USMS); Jennings, Julia (USMS);
'Kathleen_Zoratti▓▓▓▓▓▓▓▓▓▓
Subject: RE: SO inmate Hernandez-Alvarado, Tranquilino 95449-008

Martina:

Vickie Guidas
Judicial Asst. for Magistrate Judge Lawrence O. Anderson
(602) 322-████

From:       "Ambrosio, Martina (USMS)" ████
To:         "'Kathleen_Zoratti████
            <Kathleen_Zoratti████
            "'Vickie_Guidas████
            <Vickie_Guidas████
Cc:         "Jennings, Julia (USMS)" ████ "Ryun, Cindy (USMS)" ████
Date:       06/02/2011 02:58 PM
Subject:    RE: SO inmate Hernandez-Alvarado, Tranquilino 95449-008


Good afternoon, U.S. District Court:
Airlift (JPATS) needs a second 30-day extension for defendant to be placed at FMC Butner. Can you check with the Court to see if transportation extension can be granted? The Court case number is: CR11-777-GMS(ECV).

The first 30-day extension, which expires 6-4-11, is always granted by USMS on outgoing study orders; typically, most defendants will be manifested and transported during the first 30-day extension. However, due to extreme overcrowding at FMC Butner, a second 30-day extension is needed. Please reply all.
Thank you,
Martina

Martina Ambrosio
Criminal Program Specialist
USMS-D/AZ, Phoenix
P 602-761-████ NEW
F 602-258-████ NEW

From: Sandoval, Joann (USMS)
Sent: Wednesday, June 01, 2011 12:38 PM
To: 'Kathleen_Zoratti████
Cc: Ambrosio, Martina (USMS); Jennings, Julia (USMS); Ryun, Cindy (USMS)
Subject: SO inmate Hernandez-Alvara, Tranquilino 95449-008

Good Afternoon Kathleen,

Airlift needs a 30 day extension going to Butner, see e-mail below. Please advise.

Thank you

   Joann Sandoval-Tirado
            (Embedded image moved to file: pic30333.jpg)
cid:image001.jpg@01CB3573.FBC4C900
    (602) 761-████ NEW    Fax: (602) 258-████ NEW

From: Jennings, Julia (USMS)
Sent: Tuesday, May 31, 2011 9:19 AM
To: Ambrosio, Martina (USMS); Sandoval, Joann (USMS); Fiorini, Randall (USMS)

Subject: SO inmate Hernandez-Alvara, Tranquilino 95449-008

Inmate Hernandez-Alavar, Tranquilino will need a 30 day ext going to Butner due to bed space issues. Please let me know if ok thanks

Julia Jennings
Prisoner Transport Specialist
JPATS
816-467-███